UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEE ANN RIOUX,<br><br>                              Plaintiff,<br><br>            -against-<br><br>UNITED STATES OF AMERICA (POSTAL SERVICE); ORR & RENO, PLLC, et al.; JOHN DOE; and SALLY ROE,<br><br>                              Defendants. | 21-CV-2242 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, who resides in New Hampshire, brings this *pro se* action under 42 U.S.C. § 1983,[1] the Racketeering Influenced and Corrupt Organizations Act ("RICO"), and state law. For the following reasons, the Court transfers this action to the United States District Court for the District of New Hampshire.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Plaintiff asserts that unidentified persons violated her constitutional rights during her employment with the United States Postal Service. To the extent that Plaintiff's claims suggest that federal actors, rather than state actors, violated her rights, the complaint could be construed as raising claims under the implied right of action enunciated in *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), rather than § 1983. The Court leaves any such construction to the transferee court's discretion.

28 U.S.C. § 1391(b). Under 28 U.S.C. § 1391(c), a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2). With respect to civil claims brought under RICO, they must be brought in the judicial district where the defendant "resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a).[2]

Plaintiff brings claims arising from her employment with the United States Postal Service in Conway, New Hampshire. She sues the United States of America; Org & Reno PLLC, a law firm located in Concord, New Hampshire; and John Roe and Sally Roe, employees of the Postal Service in New Hampshire.

Because all of the events or omissions giving rise to Plaintiff's claims occurred in New Hampshire, and most of the defendants either reside, are found, have an agent, or transact their affairs in that state, venue does not appear to be proper in this court under § 1391(b)(1), (2), or 18 U.S.C. § 1965(a). Plaintiff's claims arose in New Hampshire, and venue for this action is proper in the United States District Court for the District of New Hampshire. *See* 28 U.S.C. § 109. The Court therefore transfers this action to that court. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the District of New Hampshire. Whether Plaintiff should be permitted to

---

[2] Plaintiff's tort claims against the United States could be construed as claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80. Claims under the FTCA must be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).

proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this action.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 26, 2021
         New York, New York

COLLEEN McMAHON
Chief United States District Judge